IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATEAU DES CHARMES WINES LTD., | No. C-01-4203 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | (Docket No. 100) |
| SABATÉ USA, INC., and SABATÉ S.A., | |
| Defendants / | |

Before the Court is the motion filed March 1, 2005 by plaintiff Chateau des Charmes Wines Ltd. ("Chateau des Charmes"), seeking imposition of sanctions against defendants Sabaté S.A. ("Sabaté France") and Sabaté USA, Inc. ("Sabaté USA"), pursuant to 28 U.S.C. § 1927 and the Court's inherent power, as a result of defendants' failure to submit certain evidence to the Court during the pendency of the instant action.[1]  Defendants have filed opposition to the motion, to which Chateau des Charmes has replied.  The parties also have filed supplemental briefing on the matter at the request of the Court.  For the reasons set forth below, the motion for sanctions is DENIED.

---

[1] The Court previously has ruled on a separate part of the motion, by which Chateau des Charmes sought to enforce a stipulation entered into by defendants.

**BACKGROUND**

The instant action arose from the sale of cork-based closures ("corks") used in bottling wine. Chateau des Charmes, a Canadian wine maker, alleged that it purchased corks from defendants Sabaté France, a French cork manufacturer, and Sabaté USA, Sabaté France's American distributor, based on defendants' representations that such corks were of high quality and would not "taint" the wine with undesirable aromas and flavors. (See Compl. ¶¶ 11, 22, and 24.) Chateau des Charmes alleged that, contrary to defendants' representations, the corks damaged the smell, character and drinkability of Chateau des Charmes' wines. (See id. ¶ 28.) Chateau des Charmes alleged six causes of action: (1) Breach of Express Warranty, (2) Breach of Implied Warranties, (3) Breach of Contract, (4) Misrepresentation, (5) Strict Liability/Negligence, and (6) Violation of False Advertising and Practices Statutes, Cal. Bus. & Prof. Code § 17200, et seq., and § 17500, et seq.

On December 11, 2001, defendants moved to dismiss the instant action, based on a forum selection clause contained in invoices submitted by Sabaté France to Chateau des Charmes ("forum selection clause motion"). The subject clause provided for exclusive jurisdiction in France over any disputes arising out of the invoices. On March 12, 2002, the Court granted defendants' motion to dismiss, holding that the forum selection clause was valid and enforceable under federal law. On May 5, 2003, the Ninth Circuit reversed, in a per curiam decision, holding that the forum selection clause did not constitute part of an agreement, under the terms of the United Nations Convention on Contracts for the International Sale of Goods. See Chateau des Charmes Wines Ltd. v. Sabaté USA, Inc., 328 F.3d 528, 531 (9th Cir. 2003).[2]

After the case was remanded to this Court, defendants moved, on August 29, 2003, to dismiss the action on grounds of forum non conveniens ("forum non conveniens motion"). The Court granted the motion on November 10, 2003 and dismissed the action

---

[2] This treaty was not mentioned by either party in the proceedings before this Court or in their briefs before the Ninth Circuit.

"without prejudice to refiling in either Canada or France." See Order Granting Motion to Dismiss on Grounds of Forum Non Conveniens, filed November 10, 2003 ("Forum Non Conveniens Order"), at 14.

In their briefing with respect to both the December 11, 2001 forum selection clause motion and the August 29, 2003 forum non conveniens motion, defendants argued that Sabaté USA was not a party to the contract for the sale of corks to Chateau des Charmes.

On December 30, 2003, Chateau des Charmes refiled its claims in the Superior Court of Justice of Ontario, Canada ("Canadian action"). (See Zuffranieri Decl. ¶ 18 and Ex. D ¶¶ 5-6.) On September 23, 2004, Sabaté S.A.S., a defendant in the Canadian action, moved in the Canadian action to stay the action "in favour of the jurisdiction of the Commercial Court in Perpignan, France," pursuant to the forum selection clause contained in Sabaté France's invoices. (See id. Ex. E at 1-2.) In connection with the motion to dismiss, Sabaté S.A.S. submitted a declaration from Martine Baudonnet ("Baudonnet"), sales coordinator for Sabaté France when Chateau des Charmes purchased the corks at issue; attached to Baudonnet's declaration is a form purchase order dated February 17, 2000 bearing at the top the words "Sabaté USA," and completed by Gail Hildred ("Hildred"). (See id. ¶¶ 29-30 and Exs. J and K.) In her September 23, 2004 declaration filed in the Canadian action, Baudonnet attests that "[a]lthough Ms. Hildred used a Sabaté USA form, the order was always intended to be made through Sabaté France and indeed Ms. Hildred forwarded the purchase order directly to Sabaté France[.]" (See id. Ex. J ¶ 6.) Baudonnet also attests therein that Hildred was an independent sales agent under exclusive contract with Sabaté France, who sold the corks to Chateau des Charmes on behalf of Sabaté France. (See id.)

The purchase order described above was not submitted to this Court during the pendency of the instant action. Chateau des Charmes contends that defendants, in failing to submit the purchase order to this Court in connection with their forum non conveniens motion, engaged in sanctionable conduct, specifically, by withholding evidence

demonstrating that Sabaté USA was a party to the contract with Chateau des Charmes.[3] By the instant motion, Chateau des Charmes argues that defendants and their counsel should be sanctioned, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, "for their bad faith, vexatious conduct." (See Motion at 2.)  In that regard, Chateau des Charmes argues that monetary sanctions should be imposed in an amount "equal to the costs incurred by Chateau des Charmes, including reasonable attorneys['] fees and appeal costs, in resisting Sabaté's motion to dismiss on forum non conveniens grounds as well as refiling the action in Canada to date." (See Motion at 11.)

## LEGAL STANDARDS

28 U.S.C. § 1927 provides, in relevant part: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has held that "[s]ection 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). The imposition of sanctions under § 1927 requires a finding of "bad faith," and "[k]nowing or reckless conduct meets this standard." Id. The Ninth Circuit further has held that attorneys do not act merely as advocates for their clients, but additionally are officers of the court, and, consequently, have "a duty of good faith and candor in dealing with the judiciary." See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000). When an attorney knowingly or recklessly misrepresents facts to a court, sanctions are appropriate under § 1927. See id. at 1120.

Sanctions are appropriate under a district court's inherent power when the court finds "bad faith or conduct tantamount to bad faith." See Fink v. Gomez, 239 F.3d 989, 994

---

[3] In the course of the briefing on the instant motion, defendants submitted to the Court two additional purchase orders for sale of corks to Chateau des Charmes, both of which were on Sabaté USA forms. (See Hildred Decl. Exs. B and C.)

(9th Cir. 2001). "[A]n attorney's reckless misstatements of law and fact, when coupled with an improper purpose, . . . are sanctionable under a court's inherent power." Id. "[M]ere recklessness, without more, does not justify sanctions under a court's inherent power," however. See id. at 993.

In sum, "recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power." See id. at 993.

## DISCUSSION

As an initial matter, the Court notes that Chateau des Charmes' motion for sanctions is in violation of Civil L.R. 7-8(d), which provides: "Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court." See Civil L.R. 7-8(d). Judgment in the above-titled action was entered in February 2004, more than a year before the instant motion was filed. As Chateau des Charmes contends that defendants failed to submit key evidence to the Court, however, and as defendants do not argue that the motion for sanctions is untimely, the Court will exercise its discretion to hear the motion.

The three documents in question are (1) a purchase order, dated February 17, 2000, on a Sabaté USA form, for purchase of 500,000 corks by Chateau des Charmes; (2) a purchase order, dated August 8, 2000, on a Sabaté USA form, for purchase of 1000 corks by Chateau des Charmes; and (3) a purchase order, dated October 24, 2000, on a Sabaté USA form, for purchase of 600,000 corks by Chateau des Charmes. (See Zuffranieri Decl. Ex. K; see also Hildred Decl. Exs. B and C.) A key issue in defendants' forum non conveniens motion was whether Sabaté USA played any part in Chateau des Charmes' purchase of wine corks. Defendants argued, in their motion to dismiss: "[T]he undisputed facts are that Sabaté USA had no involvement with the underlying transactions. In fact, because Chateau was not located in Sabaté USA's general distribution territory of the United States, this Sabaté entity never negotiated the sale of the closures, never took possession of them, never shipped them and never entered into any contract with Chateau." (See Zuffranieri Decl. Ex. F (Motion to Dismiss) at 2-3).

5

The purchase orders each reference "Gail Hildred – Canada." (See Zuffranieri Decl. Ex. K; Hildred Decl. Exs. B and C.) In their motion to dismiss, defendants argued that Hildred is an independent sales agent under exclusive contract with Sabaté France, and stated that she had no "contractual employment relationship" with Sabaté USA. (See Zuffranieri Decl. Ex. F (Motion to Dismiss) at 3.) Defendants further stated therein that Hildred sold corks to Chateau des Charmes on behalf of Sabaté France, and that Sabaté France paid Hildred's sales commissions. (See id.)

Because defendants did not submit the purchase orders to the Court in connection with their forum non conveniens motion, neither the Court nor Chateau des Charmes had the opportunity to review them and to consider their relevance to the issue of dismissal on the grounds of forum non conveniens. Although it would have been preferable for defendants to have submitted the documents to the Court in connection with their briefing on the forum non conveniens motion, the Court nevertheless does not find defendants knowingly or recklessly misrepresented the facts or acted in bad faith by failing to submit the documents to the Court. As set forth below, defendants have explained adequately that the withheld purchase orders do not demonstrate that Sabaté USA was a party to the contract for sale of corks to Chateau des Charmes.

In conjunction with the instant motion, Hildred attests that when she first began selling corks for Sabaté France, she would fax handwritten or typed purchase orders to Sabaté France employee Marielle Goursolas in France for processing, who then translated the orders into French for processing by Sabaté France's production staff.[4] (See Hildred Decl. ¶ 6.) Hildred further attests that sometime thereafter, Sabaté France asked Hildred to use a more standardized template for her purchase orders, (see id. ¶ 9); Hildred learned that Sabaté USA submitted its purchase orders to Sabaté France using a standardized template in English, obtained a copy of that template, and began using it to submit her orders to Sabaté France, (see id.). During the relevant time period, Hildred attests, it was

---

[4] Hildred attests that she does not speak French. (See id. ¶ 4.)

6

not her practice to send copies of her purchase orders to Sabaté USA and, in particular, she attests that she did not send copies of the Chateau des Charmes purchase orders to Sabaté USA, but, rather, sent them to Sabaté France, which shipped the corks to Chateau des Charmes.  (See id. ¶¶ 7,11-16.)  At all relevant times, Hildred attests, she was not an employee of Sabaté USA and did not receive commissions for sales on behalf of Sabaté USA.[5]  (See id. ¶ 3.)  Consistent therewith, Sabaté USA's president, Eric Mercier ("Mercier"), attests that Hildred "performed no services for and received no commissions from Sabaté USA" until the spring of 2003.  (See Mercier Decl. ¶ 2.)  The Court finds defendants have adequately explained why the Chateau des Charmes purchase orders appear on a Sabaté USA form.  The Court further is satisfied that there was no misrepresentation with respect to the parties to the Chateau des Charmes transaction.

Chateau des Charmes further argues that defendants made a sanctionable misrepresentation when their counsel attested, in connection with the forum non conveniens motion, that defendants had produced to Chateau des Charmes "all nonprivileged documents it received from Ms. Hildred, whether or not helpful to Sabaté's case."  (See Zuffranieri Decl. Ex. A (Supplemental Declaration of Daniel Geraldi in Support of Defendant's Motion to Dismiss on Grounds of Forum Non Conveniens, filed Nov. 3, 2003) ¶ 3.)  Defendants have submitted evidence that copies of the Chateau des Charmes purchase orders were not in Hildred's file, however.  Hildred attests that when, in connection with preparing her declaration in opposition to the instant motion, she searched her files for materials relating to the Chateau des Charmes transactions, she was not able to locate copies of the relevant purchase orders.  (See Hildred Decl. ¶ 18.)  As noted above, Hildred had sent copies of the purchase orders to Sabaté France.  (See Hildred Decl. ¶¶ 12-14.)  Defendants' counsel attests that the purchase orders were obtained from Sabaté France, and that no copies of the purchase orders were found in Hildred's file.

---

[5] According to Hildred, she started to receive commissions from Sabaté USA for sales on behalf of Sabaté USA in 2003, long after the sales that were at issue in the instant lawsuit.  (See id. ¶ 3.)

7

1  (See Vestal Decl. ¶¶ 7, 11.)  The Court finds defendants' representation that they had
2  produced all documents from Hildred's file to be true; there is no evidence to the contrary.
3        Chateau des Charmes relies heavily on In re Daisy Systems Corp., 1994 WL
4  456879 (N.D. Cal. 1994), in which a judge in this district imposed sanctions, pursuant to
5  § 1927 and that court's inherent powers, as a result of counsel's failure to produce
6  documents relevant to a summary judgment motion until after that motion was heard. The
7  court noted that the effect of the newly discovered evidence on the matters at hand was
8  "less than significant," see id. at *9, but nonetheless imposed sanctions because it was
9  relevant to prior discovery requests and Rule 26(e) of the Federal Rules of Civil Procedure
10 imposed a duty to timely supplement the party's responses to discovery.  See id. at *9, *11.
11 Daisy Systems is distinguishable, however, because in the instant case defendants had no
12 such duty.  Defendants acknowledge they had the purchase orders in their possession at
13 the time of the briefing on the forum non conveniens motion, and that they withheld the
14 purchase orders from their initial disclosures, but attest that the purchase orders were not
15 included in their initial disclosures because "defendants had no intention to rely upon the
16 documents in connection with defenses against Chateau's claims."  (See Vestal Decl.
17 ¶¶ 6-7.)  Rule 26(a)(1) (B) expressly requires a party to produce, in its initial disclosures,
18 only those documents "that are in the possession, custody, or control of the party and that
19 the disclosing party may use to support its claims or defenses[.]"  See Fed. R. Civ. P.
20 26(a)(1)(B).  As defendants attest they did not intend to rely upon the purchase orders, and
21 there is nothing to suggest to the contrary, defendants did not violate the Federal Rules by
22 failing to disclose the purchase orders in their initial disclosures.
23       Further, there were no pending discovery requests to which defendants had a duty
24 to respond.  It is undisputed that Chateau des Charmes submitted its first requests for
25 document production to defendants on October 29, 2003.  (See Vestal Decl. ¶ 13 and
26 Ex. B.)  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, defendants were
27 required to respond to those requests within 30 days.  See Fed. R. Civ. P. 34(b).  As the
28 Court granted the forum non conveniens motion and dismissed the action on November 10,

2003, fewer than 30 days after the document requests were served on defendants, defendants had no duty to respond to Chateau des Charmes' document requests.

In sum, while it would have been preferable for defendants to have submitted the purchase orders to the Court during the pendency of the instant action, there is no evidence that defendants made any misrepresentations to the Court or to Chateau des Charmes about Sabate USA's involvement, or lack thereof, in the sale of the corks to Chateau des Charmes. Accordingly, the Court declines to impose sanctions.

**CONCLUSION**

For the reasons set forth above, Chateau des Charmes' motion for sanctions is DENIED.

This order terminates Docket No. 100.

**IT IS SO ORDERED.**

Dated: June 29, 2005   /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge